Piersort R. Hildreth, S.
This is a probate proceeding in Avhich a question of domicile must first be determined as a preliminary issue. Proponent alleges that decedent’s domicile at death was in Suffolk County, Avhereas objectants assert that the domicile was in Nassau County.
Decedent, age 83, died May 4, 1960, while staying’ at a rest home in Northport, Suffolk County. The evidence establishes, Avithout any doubt whatsoever, that at least until March 28, 1960, decedent’s domicile was in Freeport, Nassau County, where he then lived. Thus, a change of domicile, if it occurred at all, happened during the last month of his life.
*82 Domicile is a question, of fact. u The existing domicile, whether of origin or selection, continues until a new one is acquired and the burden of proof rests upon the party who alleges a change.” (Matter of Newcomb, 192 N. Y. 238, 250.)
The determination depends upon all the facts. Declarations bearing on intention may be considered as one factor along with all Other circumstances. The intent to make a permanent change and abandon the present or former domicile without intent to return should be shown clearly. (Matter of Newcomb, supra, p. 251; Pignatelli v. Pignatelli, 169 Misc. 534.)
The evidence in this case does not satisfy the court that decedent intended to make, or did make a change of domicile from Nassau County to Suffolk County during the last month of his life. He and his wife, after living in Queens County for many years, moved completely to Nassau in November of 1959. They first lived together in Stewart Manor in that county until March 4, 1960, when decedent’s wife died. Shortly after that event, decedent gave up his apartment and moved to his son’s home in Freeport, taking his furniture and belongings. This then became his only residence and permanent home. He regarded it as his home, from which he made visits elsewhere and to which he would return. It was his only domicile.
In the latter part of March, 1960, he became ill. As a result of a family conference and with his co-operation he entered a rest home in Northport, Suffolk County, on March 28, 1960. He first paid charges for one week, then for two weeks, then for one month, but died May 4, 1960. He took some personal belongings to the rest home, but left his furniture at Freeport. Until his death and afterward, personal and business mail was , sent to his Freeport address, other mail was sent to the home of the son in Northport. He expressed himself as satisfied in the home and as wanting to stay indefinitely, but the arrangements were only for periodic short periods.
Based on the evidence, it seems clear to the court that the rest home was a temporary situation and the duration of decedent’s stay depended upon his health as well as monetary and other factors, and that his home at Freeport continued to be his domicile and the place to which he would have returned if death would not have intervened. The declaration of residence in the preamble of his will, made a few days before he died, on April 30,1960, is but one factor to consider in the entire setting and with all other facts and circumstances. Accordingly, the domicile of decedent at the time of death is found to have been in Nassau County.
*83 This proceeding is dismissed without prejudice to reinstitution in the proper county and, without costs. Submit order on three days’ notice.